UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN JOSEPH BURACZEWSKI,**

    **Plaintiff,**

v.                                            **Case No. 8:19-cv-3178-AAS**

**KILOLO KIJAKAZI,**[1]
**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

**ORDER**

John Joseph Buraczewski's counsel moves for an award of **$2,276.86** in attorney's fees under 42 U.S.C. § 406(b). (Doc. 22). The Commissioner did not respond to Mr. Buraczewski's counsel's request.[2] (*Id.* at p. 5).

Mr. Buraczewski applied for social security disability benefits, which was denied initially and on reconsideration. (Tr. 24, 50–60, 85–89). Mr. Buraczewski then requested a hearing before an ALJ, who found Mr.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

1

Buraczewski not disabled. (Tr. 19–28). The Appeals Council denied Mr. Buraczewski's request for review of the ALJ's decision. (Tr. 1–6). Mr. Buraczewski then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision for further consideration, and the Clerk entered judgment for Mr. Buraczewski. (Docs. 18, 19).

The Commissioner found Mr. Buraczewski disabled on remand. (Doc. 22, Ex. 3, p. 2). The Social Security Administration withheld $8,276.86 from Mr. Buraczewski's past-due benefits to pay his attorney's fees. (Doc. 22, p. 3). Mr. Buraczewski's counsel now requests $2,276.86 from that award under 42 U.S.C. § 406(b) for work performed in federal court to achieve the remand. (*Id.*).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement that Mr. Buraczewski agreed his counsel could request twenty-five percent of past-due benefits for attorney's fees, an award of attorney's fees of $2,276.86 is not a windfall and should be awarded. (*See* Doc. 22, Ex. 2).

The court previously awarded Mr. Buraczewski's counsel $4,431.98 in attorney's fees and $5.60 in expenses under the Equal Access to Justice Act (EAJA). (Doc. 21). When an attorney receives attorney's fees under the EAJA

and Section 406(b), the attorney must refund the smaller fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). Mr. Buraczewski's counsel represents the EAJA fees were applied to Mr. Buraczewski's delinquent debt and so counsel did not receive any of those fees. (Doc. 22, Ex. 1). Consequently, Mr. Buraczewski's counsel does not have any attorney's fees received under the EAJA to refund.

The Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 22) is **GRANTED.** Mr. Buraczewski's counsel is awarded **$2,276.86** in attorney's fees.

**ENTERED** in Tampa, Florida on May 6, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge